**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

| | |
|---|---|
| MONTANA LAND AND MINERAL OWNERS ASSOCIATION, INC., ARNOLD HOKANSON, LOU LUCKE, JULIE STRAUSER, CATHY BESSETTE, HAROLD OLSON, COLETTE OLSON, DONALD BOYCE, and MARLA BOYCE,<br><br>Plaintiffs,<br><br>vs.<br><br>DEVON ENERGY CORPORATION, DEVON ENERGY PRODUCTION COMPANY, L.P., AND DEVON GAS SERVICES, L.P.,<br><br>Defendants. | CV 05-30-H-DWM<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DEPOSITIONS** |

Now before the Court is Defendants Devon Energy Corporation, Devon Energy Production Company, L.P., and Devon Gas Services, L.P.'s (hereafter "Defendants") Motion to Compel Depositions of Traci Sanders and Christopher Romer. See Court's Doc. No. 71. Having reviewed the Defendants' and Plaintiffs Montana Land and Mineral Owners Association, Inc., Arnold Hokanson, Lou Lucke, Julie Strauser, Cathy Bessette, Harold Olson, Donald Boyce, and Marla Boyce's (hereafter "Plaintiffs") filings, the Court is prepared to rule.

**I.     BACKGROUND**[1]

On May 8, 2006, Plaintiffs filed their Motion for Class Certification.  See *Court's Doc. No. 56*.  In their motion, Plaintiffs rely on the affidavits of Christopher Romer and Traci Sanders, paralegals at the law firm Meites, Mulder, Mollica & Glink (hereafter "the paralegals").  See *Court's Docs. Nos. 63 & 65*.  But for the names, the two affidavits appear to be identical.  They recite that they are "based on personal knowledge" and that "if called to testify, [the affiants] could and would testify competently" regarding the matters set forth in the affidavits.  See *Traci Sanders May 5, 2006, Aff.* at ¶ 1; *Christopher Romer May 5, 2006, Aff.* at ¶ 1.  In their affidavits, the paralegals explain that they were asked to "identify and count the number of leases contained on six CDs of documents that our office received from Devon Energy Corporation" and "categorize these leases by royalty language[.]"  Id. at ¶ 2.  They recorded their data on an Excel spreadsheet, "showing their full analysis of the leases by type[.]"  See *Plf.'s Memo. of Law in Support of Mot. for Class Cert.* (hereafter "*Plf.'s Memo.*") at 4, n. 5.  This spreadsheet is attached as Exhibit A to their affidavits.  If they had a question about how to categorize a lease, they asked Thomas Meites ("Meites"), one of the attorneys for Plaintiffs.  *Sanders Aff.* at ¶ 9; *Romer Aff.* at ¶ 9.

---

[1] This case has an extensive background.  Hence, the Court in this Order will only refer to those matters that are pertinent to the issues before the Court.

On May 15, 2006, Defendants' counsel Kimberly A. Beatty ("Beatty") emailed Plaintiffs' counsel Jamie S. Franklin ("Franklin"), J. Devlan Geddes ("Geddes"), and John Mudd ("Mudd") asking to depose the paralegals in Chicago on June 8th. See *Kimberly A. Beatty May 22, 2006, Aff.* at Ex. A.  Franklin responded on May 16th, indicating that she would "check with our staff and see if June 8 works for us." Id. at Ex. B.  On May 17th, Beatty again emailed Franklin, Geddes, and Mudd inquiring about the paralegals' availability. Id. at Ex. C.

That same day, Beatty and Stanley T. Kaleczyc ("Kaleczyc") received, via fax, a letter from Plaintiffs' counsel James H. Goetz ("Goetz"). Id. at Ex. D; see also *Plf.s' Response to Def.s' Mot. to Compel* (hereafter "*Plf.s' Response*") at Ex. B.  In his letter, Goetz indicates that "conducting depositions [of the paralegals] is not the best or most appropriate way to proceed here, as doing so will undoubtedly raise issues of work product that will make it difficult for you to get the information you seek." Id.  He states that pursuant to Rule 1006, Defendants were willing to make "available to you for examination or copying" the underlying documents used by the paralegals. Further, "to show [Defendants] how the documents were categorized, [Plaintiffs] were willing to produce the underlying leases in the manner that the Meites paralegals divided them into the categories indicated in the chart, on a folder-by-folder basis." Id.

-3-

Beatty responded, indicating that if Plaintiffs continued to refuse to make the paralegals available, Defendants would file a motion to compel and seek appropriate sanctions. See *Beatty Aff.* at Ex. E. She states numerous reasons for why Defendants request the depositions. Beatty also indicates that Defendants will want to inspect the lease files during the depositions, but that Plaintiffs' "willingness to provide the lease files alone is not a meaningful alternative to deposing the persons who prepared Exhibit A." Id.

Geddes responded, via email, that Plaintiffs "stand by their position stated in Jim's letter of May 17th." Id. at Ex. F. Defendants thereafter filed the present motion. See *Court's Doc. No. 71.*

## II.  PARTIES' ARGUMENTS

Defendants argue that "Plaintiffs' refusal to make the Paralegals available for depositions is both without merit and poses substantial hardship and prejudice to the Defendants in contravention of the liberal application of the rules governing discovery." *Def.s' Brief in Support Mot. to Compel* (hereafter "*Def.s' Brief*") at 2-3. Defendants contend that the Court should grant their motion for two reasons. Id. at 4. First, they argue that "the Plaintiffs have unjustifiably refused to allow the Defendants to depose the paralegals, which unfairly prejudices Defendants in preparing their response to the Plaintiffs' motion for class certification and presenting a defense at any related

hearing." Id. at 4-6.  Second, they contend that the work product doctrine should not apply, nor prevent the Defendants from deposing the paralegals "regarding their analysis and reports relied on by the Plaintiffs in their class certification brief."  Id. at 6-10.

Plaintiffs argue that the depositions are not needed in order for Defendants to challenge the paralegals' spreadsheet. *Plf.s' Response* at 2-3.  They contend that Defendants' objective is to "invade the thought process of Plaintiffs' attorneys."  Id. at 3-6.  Plaintiffs assert that "[i]nformation about the methodology for preparing the summary is self-evident in the paralegals' affidavits, and the summary itself can be completely replicated and criticized any way Defendants wish by reviewing the underlying documents."  Id. at 6.

### III. **DISCUSSION**

#### A.   **Rule 1006**

Plaintiffs contend that Defendants do not need to take the paralegals' depositions to challenge their summary chart.  *Plf.s' Response* at 2-3.  They argue that pursuant to Rule 1006 of the Federal Rules of Evidence the chart is self-authenticating. Plaintiffs assert that the paralegals' summary needs no additional foundation, except that they must make the underlying documents available to Defendants for review.

Rule 1006 governs the admissibility of summary exhibits.  It provides that:

-5-

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

A party offering a summary exhibit must establish a foundation that the "(1) underlying materials on which [the] summary exhibit is based are admissible in evidence, and (2) those underlying materials were made available to opposing party for inspection." Amarel v. Connell, 102 F.3d 1496, 1516 (9th Cir. 1996).

Testimony from the preparer of the summary usually is required to establish the foundational facts necessary to establish relevance and authentication.  See e.g., State Office Sys. v. Olivetti Corp., 762 F.2d 843, 845 (10th Cir. 1985); see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 515 n. 9 (9th Cir. 1985) (stating that cross-examination gives the opponent an opportunity to reveal any inaccuracies or omissions in the summary); U.S. v. Grajales-Montoya, 117 F.3d 356, 361 (8th Cir. 1997) (Rule 1006 summaries must also be prepared by a witness who is available for cross-examination); U.S. v. Schuster,777 F.2d 264, 269 (5th Cir. 1985)(noting importance of cross-examination to discover inaccuracies in a summary exhibit); Wright & Gold, Federal Practice and Procedure: Evidence § 8042 at 525.  In some instances other witnesses may have sufficient personal knowledge to testify to these facts. See U.S. v. Behrens, 689 F.2d 154, 161 (10th Cir. 1982), *cert.*

*denied*, 459 U.S. 1088 (stating that proper foundation for evidentiary summary can be laid through testimony of witness who supervised preparation of exhibit). Even in Amarel, the Ninth Circuit case relied on by Plaintiffs, the Court noted that the preparer of the summary exhibit, defendants' expert, testified and was cross-examined at trial. Amarel, 102 F.3d at 1517.

Rules 26 and 30 of the Federal Rules of Civil Procedure, not Rule 1006, govern the taking of depositions during discovery. Under Rule 26, pre-trial discovery is ordinarily "accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507 (1947). If no claim of privilege applies, the production of evidence can be compelled regarding any matter "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1). "This broad right of discovery is based on the general principle that litigants have a right to 'every man's evidence,'" and "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting U.S. v. Bryan, 339 U.S. 323, 331 (1950)). Here, Plaintiffs have placed the paralegals' spreadsheet before the Court to support their motion for class certification. Accordingly, absent application of a rule of privilege, immunity or other preclusive rule, Defendants may depose the paralegals regarding their spreadsheet.


**B.    WORK PRODUCT**

Plaintiffs allege that "Defendants propose to use these paralegal depositions to probe directly into the mental impressions of Plaintiffs' counsel, as communicated to their staff." They contend that Rule 26(b)(3) protects them from such disclosures. *Plf.s' Response* at 4.

The work product doctrine protects trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews. See Fed. R. Civ. P. 26(b)(3); Hickman, 329 U.S. at 510-511. "The primary purpose of the work product rule is to 'prevent exploitation of a party's efforts in preparing for litigation.'" Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 576 (9th Cir. 1992) (quoting Admiral Ins. Co. v. U.S. Dist. Court, 881 F.2d 1486, 1494 (9th Cir. 1989)).

The doctrine is qualified and not absolute, however. U.S. v. Salsedo, 607 F.2d 318, 320 (9th Cir. 1979); see also U.S. v. Nobles, 422 U.S. 225, 239 (1975). In Admiral Ins. Co, 881 F.2d at 1494, the Ninth Circuit wrote:

> The work product rule is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. Fed.R.Civ.P. 26(b)(3). Although the rule affords special protections for work-product that reveals an attorney's mental impressions and opinions, other work-product materials nonetheless may be ordered produced upon an adverse party's demonstration of substantial need or inability to obtain the equivalent without undue hardship. See Upjohn*,* 449 U.S. at 401, 101 S.Ct. at 688.

Id. The party claiming work product immunity has the burden of proving the applicability of the doctrine. U.S. v. City of Torrance, 163 F.R.D. 590, 593 (C.D. Cal. 1995).

Like other qualified privileges, the work product rule may be waived. Nobles, 422 U.S. at 239. In Nobles, the Supreme Court held that a defendant waives work product protection when he attempts to make "testimonial use of work product materials," such as when he "sought to adduce the testimony of [his attorney's] investigator and contrast [the investigator's] recollection of . . . contested statements with that of the prosecution's witnesses." 422 U.S. at 239-40. The Court found that "where, as here, counsel attempts to make a testimonial use of these materials the normal rules of evidence come into play with respect to cross-examination and production of documents." Id. at n. 14. Similarily, in Salsedo, the Ninth Circuit held "defense counsel waived any work product privilege in relation [to an allegedly privileged] transcript through the use of the transcript in his cross-examination." 607 F.2d at 320-21.

Here, like in Nobles and Salsedo, Plaintiffs elected to present the paralegals' affidavits and to make "testimonial use" of the paralegals' spreadsheet. Plaintiffs have asked the Court to rely on the paralegals' summary in their motion for class certification. See generally *Plf.s' Memo.* They have placed the focus on the paralegals' analysis of the subject leases. Accordingly, having elected to use the paralegals' work product

as an exhibit offered in support of their motion, Plaintiffs have waived work product privilege regarding the preparation of the paralegals' summary. Accordingly, Plaintiffs have not met their burden of proving the applicability of this doctrine. Therefore, the Court will grant Defendants' motion.

The Court is not, however, authorizing a general "fishing expedition" into the files of Plaintiffs' counsel or counsels' mental impressions, conclusions, opinions or legal theories. See Nobles, 422 U.S. at 240. The waiver is co-extensive with, and the depositions must be limited to, matters set forth in the affidavits themselves. The thought processes of counsel are not the subject of the affidavits. Accordingly, Defendants may inquire as to the data that was entered into the summary lease categories, how variations in leases are represented in the summary, and other matters necessary to identify any inaccuracies or omissions in the leases.

In other words, the depositions may be used to understand how the paralegals compiled the data into the summaries themselves, not to inquire into counsels' instructions or counsels' strategies. If the paralegals determined a lease category because of instruction from counsel, the paralegals may so state. They are not being compelled, however, to stand in the shoes of counsel and explain the legal or strategic basis therefore, nor to explain or defend the legal validity of the determination. The paralegals have not been offered as experts.

They are fact witnesses as to their preparation of the document. The Defendants are entitled to know what work the paralegals performed in order to be able to understand the summaries and to challenge them if appropriate.  As in Portis v. City of Chicago, these depositions are being compelled to allow Defendants to learn about what information went into the summaries, how the data was put into the summaries, what procedures were followed to ensure accuracy, and the like.  It would be unfair, however, to permit a limitless inquiry.  Portis, at pgs. 12-14 (N.D. Ill. Aug. 24, 2005).[2]  The Court's expectation is that the depositions will be brief.

**IV.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion to Compel Depositions of Traci Sanders and Christopher Romer (*Court's Doc. No. 71*) is **GRANTED**.  The Defendants may take the depositions of Sanders and Romer, provided the deposition inquiries are consistent with this Order.

DATED this 2nd day of June, 2006.

/**S**/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

---

[2] This opinion is attached to Plaintiffs' Response at Ex. C.